IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROSS JUSTICE,
    Plaintiff,

v.                             Case No.: _____

CITY OF BUSHNELL, FLORIDA;
    Defendant.
_____/

## COMPLAINT FOR VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS

Plaintiff, ROSS JUSTICE, sues Defendant, CITY OF BUSHNELL, FLORIDA, and alleges:

### INTRODUCTION

The First Amendment does not permit government officials to silence citizens because they dislike what is being said. Yet that is precisely what occurred here. Plaintiff Ross Justice attended a public Bushnell City Council meeting and lawfully exercised his constitutional right to address his elected officials during public comment. After speaking during the initial public-comment period, Plaintiff returned to the podium—having been recognized by the Mayor—to address the City Council's discussion regarding proposed restrictions on what citizens could say during future public meetings. As Plaintiff began reminding City officials that the First Amendment protects even unpopular, offensive, and controversial speech, he was abruptly interrupted, ordered to leave by law enforcement, removed from the meeting, and ultimately issued an indefinite trespass warning barring him from Bushnell City Hall. The trespass warning expressly states that it was issued at the request of the City

1

Manager, ensuring that Plaintiff now faces arrest if he attempts to attend future City Council meetings or otherwise enter City Hall.

This case is not about maintaining order at a public meeting. Government officials may regulate genuine disruptions, enforce reasonable time limits, and preserve decorum. What they may not do is wield that authority as a weapon against protected political speech. Plaintiff neither threatened anyone, refused to yield the podium, nor prevented the meeting from continuing. Instead, he was silenced at the very moment he criticized government officials for discussing how to restrict public participation in public meetings. The Constitution forbids government officials from excluding citizens from the marketplace of ideas because their viewpoint is unpopular, embarrassing, crude, or inconvenient.

## PARTIES

1. Plaintiff, ROSS JUSTICE, is a resident of Sumter County, Florida.

2. Defendant, CITY OF BUSHNELL, FLORIDA, is a Florida municipal corporation located in Sumter County, Florida.

3. At all material times, Defendant acted through its officials, agents, employees, and final policymakers, including its Mayor, City Manager, City Council, and law-enforcement personnel acting at the City's request.

## JURISDICTION AND VENUE

4. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

5. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

6. This Court has authority to award declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper because the events giving rise to these claims occurred in Sumter County, Florida, which lies within the Middle District of Florida, Ocala Division.

## FACTUAL ALLEGATIONS

8. On July 6, 2026, Plaintiff attended a monthly Bushnell City Council meeting at Bushnell City Hall.

9. Bushnell City Hall is located at 117 E. Joe P. Strickland Jr. Avenue, Bushnell, Florida.

10. Plaintiff lawfully attended the public meeting.

11. Plaintiff initially spoke during public forum for his allotted three minutes.

12. Later in the meeting, the City Council discussed changing the rules governing public forum.

13. The discussion included moving public forum to the end of meetings and controlling or limiting what citizens could discuss during public forum.

14. Plaintiff objected to that discussion.

15. Plaintiff walked to the podium.

16. Plaintiff was recognized by the Mayor.

17. Plaintiff began speaking about the First Amendment and the constitutional right to free speech.

18. Plaintiff asked whether City officials understood what they were discussing.

3

19. Plaintiff stated, in substance, that the First Amendment protects speech, including speech government officials may dislike.

20. Plaintiff then used crude rhetorical language to illustrate that protected speech does not lose constitutional protection merely because it is vulgar, offensive, or unpopular.

21. Before Plaintiff could finish his statement, law enforcement approached Plaintiff and ordered him to leave.

22. Plaintiff did not threaten anyone.

23. Plaintiff did not physically obstruct the meeting.

24. Plaintiff did not refuse to yield after exhausting his allotted time.

25. Plaintiff did not engage in violence.

26. Plaintiff did not prevent the meeting from continuing.

27. Plaintiff was removed because of the content and viewpoint of his speech.

28. Plaintiff asked whether he was being detained.

29. Law enforcement said no.

30. Plaintiff asked whether he was being trespassed.

31. Law enforcement said yes.

32. Plaintiff requested a written trespass notice.

33. Additional deputies were called to City Hall to issue the trespass warning.

34. Plaintiff was issued a trespass warning from Bushnell City Hall.

35. The trespass warning identifies Bushnell City Hall as the property from which Plaintiff was barred.

36. The warning is marked indefinite.

37. The warning states that Plaintiff was warned to stay off Bushnell City Hall property.

38. The warning states that Plaintiff would be subject to arrest if he returned.

39. The warning states that Plaintiff was trespassed at the request of the City Manager for the City of Bushnell.

40. The warning was issued immediately after Plaintiff criticized the City Council's discussion about restricting public comment.

41. The warning chills Plaintiff from attending future City Council meetings.

42. The warning chills Plaintiff from speaking during public comment.

43. The warning chills Plaintiff from petitioning his local government.

44. The warning chills Plaintiff from criticizing City officials.

45. Plaintiff reasonably fears arrest if he returns to Bushnell City Hall to attend a public meeting.

46. Defendant's actions were not a reasonable time, place, or manner restriction.

47. Defendant's actions were not viewpoint neutral.

48. Defendant's actions were punitive, retaliatory, and designed to silence Plaintiff.

## LEGAL BACKGROUND

49. Public comment at a city council meeting is a forum for citizen speech and petitioning activity.

50. In *McDonough v. Garcia*, 116 F.4th 1319 (11th Cir. 2024), the Eleventh Circuit held that city council meetings restricting speech to matters pertinent to the

5

city are limited public forums where restrictions must be reasonable and viewpoint neutral.

51. Government officials may enforce reasonable rules of order and decorum.

52. But the government may not use "decorum" as a pretext to punish disfavored viewpoints.

53. In *Jones v. Heyman*, 888 F.2d 1328 (11th Cir. 1989), the Eleventh Circuit addressed a First Amendment claim arising from a citizen's removal from a city commission meeting.

54. In *Rowe v. City of Cocoa*, 358 F.3d 800 (11th Cir. 2004), the Eleventh Circuit analyzed city-council public-comment restrictions under First Amendment principles.

55. In *Lozman v. City of Riviera Beach*, 585 U.S. 87 (2018), the Supreme Court recognized that a citizen's arrest at a city council meeting may support a First Amendment retaliation claim where the alleged retaliation was tied to protected criticism of public officials.

56. In *Cohen v. California*, 403 U.S. 15 (1971), the Supreme Court made clear that vulgar political expression does not lose constitutional protection merely because government officials find it offensive.

## COUNT I — FIRST AMENDMENT RETALIATION AGAINST CITY OF BUSHNELL

### 42 U.S.C. § 1983

57. Plaintiff realleges paragraphs 1 through 56.

6

58. Plaintiff engaged in constitutionally protected speech by attending a public City Council meeting, criticizing City officials, objecting to proposed restrictions on public comment, and invoking the First Amendment.

59. Plaintiff also engaged in protected petitioning activity by appearing before his local government.

60. Defendant took adverse action against Plaintiff by cutting him off, removing him from the meeting, causing him to be trespassed from City Hall, and threatening him with arrest if he returned.

61. These actions would chill a person of ordinary firmness from engaging in future First Amendment activity.

62. The causal connection is direct and obvious: Plaintiff was removed and trespassed immediately after he criticized City officials' discussion about restricting public comment.

63. Defendant's actions were motivated, at least in substantial part, by Plaintiff's protected speech.

64. Defendant violated Plaintiff's rights under the First and Fourteenth Amendments.

65. As a direct and proximate result, Plaintiff has suffered damages, including loss of constitutional rights, fear of arrest, chilling of speech, humiliation, emotional distress, and other damages to be proven at trial.

## COUNT II — VIEWPOINT DISCRIMINATION AGAINST CITY OF BUSHNELL

### 42 U.S.C. § 1983

66. Plaintiff realleges paragraphs 1 through 56.

67. The City Council meeting was a limited public forum.

68. Once Defendant opened the meeting for public comment and recognized Plaintiff to speak, Defendant was required to enforce any speech restrictions in a reasonable and viewpoint-neutral manner.

69. Plaintiff's viewpoint was that City officials were wrong to restrict or control citizen speech during public forum.

70. Defendant silenced Plaintiff because of that viewpoint.

71. Plaintiff was not removed because he caused an actual disruption.

72. Plaintiff was removed because his criticism was unwelcome.

73. Defendant's actions constituted unconstitutional viewpoint discrimination in violation of the First and Fourteenth Amendments.

## COUNT III — UNCONSTITUTIONAL EXCLUSION FROM PUBLIC PROPERTY / PRIOR RESTRAINT AGAINST CITY OF BUSHNELL

### 42 U.S.C. § 1983

74. Plaintiff realleges paragraphs 1 through 56.

75. Bushnell City Hall is the location where the City conducts public meetings and official municipal business.

76. The indefinite trespass warning bars Plaintiff from entering Bushnell City Hall.

77. The trespass warning threatens Plaintiff with arrest if he returns.

78. The trespass warning prevents Plaintiff from attending public meetings, speaking during public comment, observing local government, and petitioning City officials.

79. The trespass warning operates as an unconstitutional restraint on Plaintiff's future First Amendment activity.

80. Defendant had no lawful basis to indefinitely exclude Plaintiff from City Hall because of protected speech.

81. Defendant's enforcement of the indefinite trespass warning violates the First and Fourteenth Amendments.

## COUNT IV — MUNICIPAL LIABILITY AGAINST CITY OF BUSHNELL

### 42 U.S.C. § 1983

82. Plaintiff realleges paragraphs 1 through 56.

83. Defendant City of Bushnell is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

84. The constitutional violations were caused by actions and decisions of final policymakers for the City.

85. The removal and trespass were caused by City decisionmakers and final policymakers, including the presiding Mayor and City Manager.

86. The trespass warning states that Plaintiff was trespassed at the request of the City Manager for the City of Bushnell.

87. Because the trespass warning was issued at the City Manager's request, Plaintiff's exclusion from City Hall was a City decision rather than an independent law-enforcement decision.

88. The removal and trespass occurred during an official City Council meeting and concerned access to City Hall and participation in City government.

89. The City, through its officials and final policymakers, adopted, ratified, authorized, or caused the unconstitutional actions against Plaintiff.

90. The City is therefore liable for violating Plaintiff's First and Fourteenth Amendment rights.

## COUNT V — DECLARATORY AND INJUNCTIVE RELIEF AGAINST CITY OF BUSHNELL

91. Plaintiff realleges paragraphs 1 through 56.

92. An actual controversy exists between Plaintiff and Defendant.

93. Plaintiff desires to attend future Bushnell City Council meetings.

94. Plaintiff desires to speak during future public comment.

95. Plaintiff desires to criticize City officials and participate in local government without fear of arrest.

96. The indefinite trespass warning remains in effect.

97. Unless enjoined, Defendant may enforce the trespass warning against Plaintiff.

98. Plaintiff has no adequate remedy at law for the ongoing deprivation of his constitutional rights.

99. Plaintiff is entitled to declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant violated Plaintiff's rights under the First and Fourteenth Amendments;

B. Declare that Defendant may not enforce the indefinite trespass warning against Plaintiff to prevent him from attending public City Council meetings;

C. Preliminarily and permanently enjoin Defendant from enforcing the trespass warning against Plaintiff for attending public City Council meetings;

D. Preliminarily and permanently enjoin Defendant from removing Plaintiff from public meetings based on protected speech, viewpoint, criticism of public officials, or non-disruptive political expression;

E. Award Plaintiff nominal damages;

F. Award Plaintiff compensatory damages;

G. Award Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

H. Award pre-judgment and post-judgment interest where permitted by law; and

I. Grant all further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: July 10, 2026

Respectfully submitted,

/s/ *Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163

11

SABATINI LAW FIRM, P.A.
1601 E. 1ST AVENUE
MOUNT DORA, FL 32757
T: (352)-455-2928
anthony@sabatinilegal.com

*/s/ Gavin B. Rollins*
GAVIN B. ROLLINS, ESQ.
FL BAR No. 1064417
gavin@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st AVENUE
MOUNT DORA, FL 32757
T: (352)-328-4892